KIMI VIRGINIA IKEDA, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent *
Ikeda v. Commissioner
Docket No. 9750-91
United States Tax Court
T.C. Memo 1995-47; 1995 Tax Ct. Memo LEXIS 40; 69 T.C.M. (CCH) 1786; January 31, 1995, Filed *40 Decision will be entered for respondent. Kimi Virginia Ikeda, pro se. For respondent: Stephen S. Ash. WRIGHT
WRIGHT
SUPPLEMENTAL MEMORANDUM OPINION WRIGHT, Judge: This case is before the Court pursuant to remand by the Court of Appeals for the Ninth Circuit in Ikeda v. Commissioner, 35 F.3d 571 (9th Cir. 1994), affg. in part, vacating and remanding in part without published opinion T.C. Memo. 1992-578. Respondent determined a deficiency in and additions to petitioner's 1988 Federal income tax as follows: Additions to Tax Sec.
Sec.
Sec. Deficiency
6651(a)(1)
6653(a)(1)
6654(a)
$ 12,278
$ 3,070
$ 614
$ 786
All section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure. The issues initially presented for our decision were: 1. Whether petitioner failed to report income as determined by respondent; 2. whether petitioner is liable for the addition to tax for failure to file a tax return; 3. whether petitioner is liable for the negligence addition to tax; and 4. whether petitioner is liable for the addition to tax for *41 failure to pay estimated taxes. We held for respondent with respect to all four issues. In addition, in the exercise of our discretion under section 6673(a)(1), we imposed sanctions due to frivolous or groundless arguments, finding that Ms. Ikeda's conduct with respect to the instant case warranted a penalty of $ 10,000. In our prior opinion, T.C. Memo. 1992-578, we found that, at trial, petitioner asserted several meritless arguments in support of her contention that respondent's determinations should not be sustained. At trial, we advised petitioner of the potential imposition of a sanction pursuant to section 6673(a)(1) for asserting frivolous or groundless positions. We further advised her that cases based upon such positions are burdensome both to this Court and to society as a whole. We further found petitioner's posttrial memorandum reiterated many of the meritless positions petitioner consistently asserted throughout the proceedings and was replete with allegations regarding errors supposedly made by this Court at trial. The remand ordered further proceedings solely with respect to clarification of the conduct giving rise to our imposition *42 of the $ 10,000 penalty under section 6673. The Court of Appeals in the instant case stated the following in its unpublished opinion: Ikeda's lengthy pre-trial motions and her arguments at trial repeatedly raised numerous frivolous arguments. At trial, the Tax Court judge explicitly warned Ikeda about the risk of incurring sanctions if she continued to press meritless legal arguments, but she did not heed the warnings. Further, and more disturbing, the record suggests that while Ikeda was testifying under oath, she was evasive and, at best, disingenuous in her responses to simple, direct questions posed to her by counsel for the Commissioner. * * * [Ikeda] was repeatedly warned that her arguments were meritless and exposed her to the risk of sanctions. * * * One fact, however, prevents us from affirming the sanction in this case. Several times during the trial, in an apparent attempt to stop Ikeda from making legal arguments at trial, instead of presenting evidence, the Tax Court judge specifically told Ikeda to present her legal arguments to the Court in the form of a post-trial memorandum. She did so, submitting a 27-page brief largely reiterating arguments she made *43 at trial and in pre-trial motions. The language of the Tax Court opinion suggests * * * that the sanction was imposed specifically because the Court found the post-trial memorandum to be frivolous. If this is so, then we cannot sustain the sanction, because the Court repeatedly invited Ikeda to file the memorandum, knowing that it would contain many of the legal arguments previously rejected. * * *
The intent of this Court is to sanction Ms. Ikeda for the totality of her conduct before, during, and after trial. What appears to be confusing to the Court of Appeals is the mentioning, by this Court during trial and in our opinion, of the posttrial memorandum. Before a trial in the Tax Court, both parties are required to stipulate all matters to the maximum extent possible. See U.S. Tax Court Standing Pre-Trial Order. In addition, each party is required to prepare and file a Trial Memorandum identifying the witnesses to be called at trial and a brief statement as to the content of their testimony, inter alia. Id. At trial, both respondent and petitioner are generally permitted to make brief opening statements as to their positions, and the balance of the trial is generally *44 reserved for the presentation of evidence relating to matters remaining in dispute after the required stipulation process contained in Rule 91. After trial in the Tax Court, briefs or memoranda, containing, inter alia, legal arguments and authorities relied upon, are filed. Rule 151 provides the following: (a) General: Briefs shall be filed after trial * * * except as otherwise directed by the presiding Judge. In addition to or in lieu of briefs, the presiding Judge may permit or direct the parties to * * * file memoranda or statements of authorities. (b) Time for Filing Briefs: Briefs may be filed simultaneously or seriatim, as the presiding Judge directs. The following times for filing briefs shall prevail in the absence of any different direction by the presiding Judge: (1) Simultaneous Briefs: Opening briefs within 75 days after the conclusion of the trial, and answering briefs 45 days thereafter. * * * [Emphasis added.]
Thus, in the instant case, petitioner was indeed repeatedly invited to articulate her tax protester type legal arguments in a posttrial memorandum in an effort to stop her from doing so at trial. The Court's attempt to curtail petitioner's use *45 of trial time for making such arguments, however, was not successful. The finding in our prior opinion, that petitioner's posttrial memorandum contains many of the meritless positions that she asserted throughout the proceeding, is merely a statement intended to give an even further indication of Ms. Ikeda's overall conduct with respect to the instant case, and our imposition of the $ 10,000 sanction is not based specifically upon the memorandum Ms. Ikeda was permitted to file in accordance with Rule 151(a). Ms. Ikeda's conduct throughout this proceeding demonstrates a total disregard for the Internal Revenue Code and this Court. Accordingly, petitioner is required to pay a penalty of $ 10,000 pursuant to section 6673(a)(1). To reflect the foregoing, Decision will be entered for respondent. Footnotes
*. This opinion supplements our opinion in Ikeda v. Commissioner, T.C. Memo. 1992-578.↩